IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

U.S. COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

DINAR, CORP., INC.; MY MONEX, INC., a Nevada Corporation; and HUSAM TAYEH,

Defendants,

THEODORE S. HUDSON, II; and MY MONEX, INC., an Alabama Corporation,

Relief Defendants

CASE NO. 1:15-CV-538 WKW

# CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AS TO RELIEF DEFENDANTS

Before the court is Plaintiff's unopposed motion to enter a consent order of preliminary injunction as to the Relief Defendants. (Doc. # 18.) Based upon consideration of the motion, it is ORDERED that the motion (Doc. # 18) is GRANTED as follows.

On July 27, 2015, Plaintiff United States Commodity Futures Trading Commission ("Plaintiff" or "Commission") filed a Complaint for Injunctive

Relief, Civil Monetary Penalty, and Other Equitable Relief against Defendants Husam Tayeh ("Tayeh"), My Monex, Inc., a Nevada corporation ("Monex NV"), and Dinar Corp., Inc. ("DCI") (collectively, "Defendants"), and Relief Defendants Theodore S. Hudson, II ("Hudson") and My Monex, Inc., an Alabama corporation ("Monex AL") (collectively, the "Relief Defendants") for violations of the Commodity Exchange Act ("CEA" or "Act"), 7 U.S.C. §§ 1 *et seq.* (2012) and the Regulations promulgated thereunder. (Doc. #1.) On July 27, 2015, the court entered an order granting Plaintiff's Motion for a Statutory Restraining Order, which froze Defendants' and Relief Defendants' assets and prohibited Defendants and Relief Defendants from destroying, or denying the Commission access to, Defendants' books and records, among other relief. (Doc. # 8.) The Statutory Restraining Order expires August 24, 2015, unless extended or sooner dissolved. (Doc. # 19 at 5.) Plaintiff also filed a Motion for Preliminary Injunction, seeking to continue the Statutory Restraining Order. (Doc. # 3.)

Relief Defendants, without admitting or denying the allegations of the Complaint for the purposes of this Order, except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state that their consent is entered voluntarily and that no promise or threat has been made by the

Commission or any member, officer, agent, or representative thereof, to induce Relief Defendants to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS** that:

1. Jurisdiction is proper over the parties and over the subject matter of this action pursuant to Section 6c of the CEA, 7 U.S.C. § 13a-1 (2012).

2. Venue properly lies in this District, pursuant to Section 6c(e) of the CEA, 7 U.S.C. § 13a-1(e) (2012).

3. Relief Defendants acknowledge receipt of the Summons, Complaint, and all other filings and orders entered herein.

4. Relief Defendants waive the entry of findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a)(2).

5. For the purposes of this Order, the following definitions apply:

A. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including, but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot,

futures, options, or swaps contracts), insurance policies, and all cash, wherever located, whether within or outside the United States.

B. The term "document" is synonymous in meaning and equal in scope to the broad usage of the term in Federal Rule of Civil Procedure 34(a).

## I. CONTINUATION OF ASSET FREEZE AND NOTICE TO FINANCIAL INSTITUTIONS AND OTHERS

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

6. Relief Defendants, their officers, agents, servants, employees, successors, assigns, and/or attorneys, and all persons in active concert or participation with Relief Defendants who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of assets totaling Five Hundred Fifty Thousand Dollars ($550,000 USD), wherever located, including Relief Defendants' assets held outside the United States, except as otherwise ordered by the court.

7. This Order shall apply to any assets derived from or otherwise related to the activities alleged in the Commission's complaint, regardless of when the asset is obtained. However, the assets affected by this Order shall not include assets obtained after the effective date of this Order, to the extent such

assets are not derived from or otherwise related to the activities alleged in the Commission's complaint. To the extent that Relief Defendants' combined assets exceed Five Hundred Fifty Thousand Dollars ($550,000 USD), Relief Defendants shall immediately submit to the Commission an accounting of all their assets together with a statement of assets totaling not less than Five Hundred Fifty Thousand Dollars ($550,000 USD) that shall remain subject to the asset freeze during the pendency of this matter.

8. Any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of any Relief Defendant, or has held, controlled, or maintained custody of any such account or asset of any Relief Defendant at any time since January 1, 2012, who receives notice of this Order by personal service or otherwise, is notified that this Order prohibits any Relief Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendants' assets, except as directed by further order of the court; provided, however, nothing in this Order shall limit the discretion of any compliance official of any retail foreign exchange dealer or futures commission merchant

with which Defendants maintain an account to liquidate, or close out, any and all open positions in Defendants' account, in a prompt and orderly fashion in order to avoid losses due to the asset freeze required by this Order.

9. This court will entertain an application by Relief Defendants for reasonable and necessary living expenses and attorneys' fees upon proper written submission. Proper submission requires that Relief Defendants file such application under oath with the Clerk of the Court and set forth in detail, fully substantiated by all relevant documentation, the amount of funds necessary to pay reasonable and necessary living expenses, a description of the expenses for which those funds are to be applied, a description of the assets sought to be used to pay such expenses, and a description of the derivation of such assets. The Commission may object or otherwise respond to such application.

## II. MAINTENANCE OF AND ACCESS TO BUSINESS RECORDS

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

10. Relief Defendants and all persons or entities who receive notice of this Order by personal service or otherwise are restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of any Defendant.

## III. <u>STAY OF ACTIONS</u>

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

11. Except by leave of the court, Relief Defendants, and all other persons and entities in active concert or participation with them, are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, or in the name of any Defendant and/or Relief Defendant, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating, or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, real and/or personal property of any Defendant and/or Relief Defendant or any real and/or personal property claimed by any Defendant and/or Relief Defendant, or attempting to foreclose, forfeit, alter, or terminate any Defendant's and/or Relief Defendant's interest(s) in real and/or personal property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other

process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Defendants and/or Relief Defendants; and

D. Doing any act or thing to interfere with the exclusive jurisdiction of this court over the real and/or personal property and assets of Defendants and/or Relief Defendants.

12. The foregoing Paragraph does not stay the commencement or continuation of any action or proceeding by any governmental unit to enforce such governmental unit's police or regulatory power.

## IV. SERVICE OF ORDER

13. Copies of this Order may be served by any means, including electronic mail, facsimile transmission and United Parcel Service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Relief Defendants, or that may be subject to any provision of this Order.

## V. BOND NOT REQUIRED OF PLAINTIFF

14. Plaintiff is an agency of the United States, and therefore no bond is required prior to entry of this Order.

**VI. <u>COURT MAINTAINS JURISDICTION</u>**

15. This Order shall remain in effect until further order of the court, and the court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

DONE this 17th day of August, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE