**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES<br>TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DINAR, CORP., INC.;<br>MY MONEX, INC., a Nevada Corporation; and<br>HUSAM TAYEH,<br><br>Defendants,<br><br>THEODORE S. HUDSON, II; and<br>MY MONEX, INC., an Alabama Corporation,<br><br>Relief Defendants. | : : : : : : : : : : : : : : : : : : : | CIVIL ACTION NO.: 1:15-cv-538-ALB-SRW |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED TRIAL EXHIBITS AND
EXPERT WITNESSES**

U.S. Commodity Futures Trading Commission ("Plaintiff" or "Commission"), by and

through counsel, pursuant to this Court's Scheduling Orders (Docket Entry ("D.E.") 181, 195 ),

hereby files this brief objecting to certain trial exhibits proposed by Defendants Husam Tayeh

("Tayeh"), Dinar Corp, Inc. ("DCI"), and My Monex, Inc., a Nevada corporation ("Monex NV")

(collectively, the "Defendants"), and the Defendants' "reserving the right" to call unidentified

individuals as "experts," and in support thereof, the Commission states as follows:

**A.      Defendants Are Precluded From Identifying Expert Witnesses**

This Court's initial Scheduling Order identified certain deadlines all parties were required

to comply with, including, without limitation, the time by which all parties were to have

identified their expert witnesses.  Scheduling Order, D.E. 181, § 7.  Specifically, the Defendants

were ordered to identify their expert witnesses as follows:

> Expert Witness Disclosures.  The parties shall disclose to each other the
> identity of ANY person who may be used at trial to present evidence under Rules 701,
> 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained
> experts or witnesses whose duties as an employee of the party regularly involved giving
> expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as
> follows:
>
> From the plaintiff(s), on or before February 28, 2018.
> From the defendant(s), on or before February 28, 2018.
>
> The  parties shall comply fully with all requirements of Rule 26(a)(2) in regard to
> disclosure of expert testimony.  Unless an objection is filed within 14 days after
> disclosure of any expert witness, the disclosure shall be deemed to be in full compliance
> with the Rule.

*Id.*  These dates have never been modified by a subsequent order.

The Defendants failed to identify any expert witnesses on or before February 28, 2018.
At no time have the Defendants provided the Commission with any report(s) from any proposed
expert witness.  This Court's amendment to the initial Scheduling Order's trial dates did not
amend or change the date by which the Defendants were ordered to identify their proposed
expert witnesses.

On or about July 12, 2019, the Defendants submitted a list of their proposed witnesses for
trial.  *See* Defendants' Witness List, Exhibit 1, attached hereto.  In that filing, the Defendants
state, without limitation:  "Defendants reserve the right to call any fact witness listed above as an
expert witness, as appropriate, to the extent permitted by applicable Rules of Evidence."  *Id.* at p.
2.

The Commission objects to the Defendants calling anyone as an expert witness at the trial
of this matter, given the failure of the Defendants to comply with the terms of this Court's
Scheduling Orders and the failure of the Defendants to identify anyone as an expert witness.  In
addition, the Defendants failed to comply with the requirements of Federal Rule of Civil
Procedure 26(a)(2).  Under Federal Rule of Civil Procedure 37(c), "[i]f a party fails to provide

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." A district court enjoys considerable discretion in determining when the sanction is imposed. *See Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (concluding that expert declaration was "properly construed as an expert report and, thus, because the plaintiffs failed to comply with the explicit requirements of Rule 26, it was within the sound discretion of the trial judge to sanction plaintiffs for their failure to disclose by enforcing the unambiguous terms of Rule 37(c)"). A district court's decision to exclude a witness not listed on the pretrial order is reviewable only for abuse of discretion. *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chem. Corp.,* 684 F.2d 776, 780 (11th Cir. 1982). An appellate court that is reviewing the decision to exclude a witness should consider: (1) the importance of the testimony, (2) the reason for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify. *See id.*

Allowing the Defendants to call an expert witness that was never identified pursuant to this Court's Scheduling Order, that should have been identified approximately 17 months ago, and whom the Commission has never had a full and fair opportunity to depose as an expert witness for the defense, would be extremely prejudicial to the Commission. Moreover, by "reserving" the right to identify an expert witness at the trial of this matter, the Defendants appear to be creating a last-minute identification issue — one that is targeted to cause the maximum amount of potential prejudice to the Commission. Accordingly, the Commission moves this Court to issue an order prohibiting the Defendants from calling any expert witnesses at the trial of this matter.

**B.     Defendants' Proposed Exhibits Regarding Criminal Restitution are Irrelevant**

Federal Rule of Evidence 402 provides in relevant part that, "irrelevant evidence is not admissible."  Abuse of discretion is the proper standard when reviewing a district court's decision to exclude evidence as irrelevant under the Federal Rules of Evidence.  *See United States v. Tapia*, 59 F.3d 1137, 1142 (11th Cir. 1995) (finding district court correctly excluded evidence).  Federal Rule of Evidence 401 provides that "[e]vidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

The Defendants have identified two proposed Exhibits, 11 and 12, each of which refer or relate to the negotiation of and/or amount of restitution ordered in Tayeh's criminal prosecution. The Commission objects to Defendants' proposed Exhibits 11 and 12 on the grounds that they are irrelevant and immaterial, and of no consequence in determining the issues for the trial of this matter.  The Commission is not seeking restitution on behalf of persons who have sustained losses as a result of the Defendants' violations of the Commodity Exchange Act ("Act") or the Commission Regulations.  At the trial of this matter, only disgorgement of the Defendants' gains received in connection with their violations of the Act and Commission Regulations, and civil monetary penalties, will be sought by the Commission.  Pursuant to Section 6c(d)(3)(A) and (B) of the Act, 7 U.S.C. § 13a-1(d)(3)(A), (B) (2012), restitution and disgorgement are distinct and separate remedies:

> Equitable remedies.  In any action brought under this Section, the Commission may seek, and the court may impose, on a proper showing, on any person found in the action to have committed any violation, equitable remedies including-
>
> (A)     Restitution to persons who have sustained losses proximately caused by such violation (in the amount of such losses); and
>
> (B)     Disgorgement of gains received in connection with such violation.

Section 6c(d)(3)(A) and (B) of the Act, 7 U.S.C. § 13a-1(d)(3)(A), (B) (2012).

Here, the fact that Tayeh negotiated criminal restitution with the U.S. Department of Justice under Title 18 of the United States Code, and the amount of that restitutionary obligation, are of no consequence in determining the sole issues presented in this civil case being prosecuted under Title 7 of the United States Code: the amount of disgorgement and civil monetary penalties to be imposed upon the Defendants. The dollar amount of losses sustained by customers as a result of the Defendants' fraud will not be an issue at the trial of this matter, and the inclusion of evidence of Tayeh's criminal restitution, or the negotiation thereof, will only lead to confusion of issues, add to the Commission's trial burden, and waste this Court's valuable time and resources.

Moreover, even if evidence is found to be facially relevant, Federal Rule of Evidence 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Therefore, even if this Court were to find that evidence of Tayeh's criminal restitution is facially relevant, Defendants' proposed Exhibits 11 and 12 should still be excluded because of the danger of confusing the issues presented for trial, and the potential for such evidence and associated argument to waste this Court's time. Indeed, the only reason the Commission can conceive for Tayeh to attempt to introduce evidence of his criminal restitution payments is to confuse the issues of restitution and disgorgement. Such confusion can be avoided in its entirety by excluding the introduction of any evidence of Tayeh's restitution obligation in the criminal matter.

**C.**      **This Court Has Previously Ruled Evidence of Criminal Forfeiture is Not Relevant**

This Court has previously ruled that Tayeh is not entitled to any credit or "offset" for payments made pursuant to the forfeiture proceedings brought against Tayeh.  Order, D.E. 194 at p.8 ("Whatever the ultimate amount of disgorgement and penalties, Tayeh's criminal forfeitures will not be used as an offset because there is no case law to support Tayeh's request.").

Defendants' proposed Exhibits 2, 4-11, and 15 all refer or relate to Tayeh's criminal forfeiture.  The Commission objects to Defendants' proposed Exhibits 2, 4-11, and 15 on the grounds that each such exhibit is irrelevant and immaterial to the issues to be presented at the trial of this matter and in direct contravention to this Court's prior order.  *See* Fed. R. Evid. 401 and 402.

Date: July 15, 2019                          Respectfully Submitted,


                                             /s/ Timothy J. Mulreany
                                             Timothy J. Mulreany
                                             Maryland Bar No.: 8812160123
                                             Danielle Karst
                                             DC Bar No.: 481881
                                             *Attorneys for the Plaintiff*
                                             U.S. Commodity Futures Trading Commission
                                             Three Lafayette Center
                                             1155 21st Street, N.W.
                                             Washington, D.C. 20581
                                             (202) 418-5306; tmulreany@cftc.gov
                                             (202) 418-6158; dkarst@cftc.gov
                                             (202) 418-5124 (facsimile)

## CERTIFICATE OF SERVICE

I do hereby certify that on July 15, 2019, the foregoing *U.S. Commodity Futures Trading Commission's Objections to Defendants' Proposed Trial Exhibits and Expert Witnesses* was filed electronically with the Clerk of this Court using the CM/ECF system, to be served upon the following persons via CM/ECF, electronic mail and/or UPS Overnight Mail:

Forrest Latta
James Andrew Hoover
Burr & Forman LLP
420 North Twentieth Street; Suite 3400
Birmingham, AL 35203
*Counsel for Defendants*

A. Jeff Ifrah
Ifrah Law
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, D.C. 20006
*Counsel for Defendants*

Dustin Fowler
Stephen Etheredge
Buntin, Etheredge & Fowler, LLC
P. O. Box 1193
Dothan, AL 36302
*Counsel for Relief Defendant Hudson*

I further certify that a copy of the foregoing was served on the below-named Relief Defendant on July 15, 2019, 2018, via UPS over-night delivery:

My Monex, Inc., an Alabama corporation
c/o Theodore S. Hudson, II
303 Whatley Drive
Dothan, Alabama 36303

/s/ Danielle Karst
Danielle Karst